UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:_____

---------------------------------------------------------x
:
GINA D. GREENWALD,                                       :
:
Plaintiff,    :
:
vs.                                                      :
:
DISCOVER FINANCIAL SERVICES (Inc.),                      :
:
Defendant.    :
:
---------------------------------------------------------x

## COMPLAINT

Plaintiff Gina D. Greenwald ("Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant Discover Financial Services ("Discover" or "Defendant"), and states as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq.* and Regulation E, 12 C.F.R. §1005.10(b), promulgated by the Bureau of Consumer Financial Protection ("Regulation E"). The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer those services. The primary objective of the EFTA is the protection of individual consumers engaging in electronic fund transfers. Regulation E is the implementing regulation for the EFTA.

2. Defendant has engaged in a business practice that violates the EFTA and Regulation E with regard to Plaintiff and, upon information and belief, routinely does so with

1

regard to other consumers. Specifically, Defendant has made preauthorized electronic fund transfers from Plaintiff's account without obtaining the requisite authorization from Plaintiff and without providing a copy of such authorization to Plaintiff, in violation of 15 U.S.C. §1693(e)(a) and Regulation E.

3. As a result of Defendant's violations of the EFTA and Regulation E, and pursuant to 15 U.S.C. §1693m, Plaintiff bring this case and seeks damages.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b)(2), where the events giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts substantial business in this State and this District.

## PARTIES

6. Plaintiff is a natural person who at all relevant times resided in Boca Raton, Florida. As a natural person, Plaintiff is a "consumer" as defined by 15 U.S.C. §1693a.

7. Defendant is a direct banking and payment services company. Defendant offers credit cards, student loans, personal loans and deposit products through its Discover Bank subsidiary and home loans through its Discover Home Loans, Inc. subsidiary. Defendant had $61.0 billion in loan receivables and $27.9 billion in deposits issued through direct-to-consumer channels and affinity relationships at November 30, 2012.

8. Defendant accelerated its growth and market share in private student loans when it acquired The Student Loan Corporation ("SLC") in 2010 and additional private student loans from Citibank, N.A. in 2011. Defendant currently offers fixed and variable rate private student

loans originated by Discover Bank. Defendant markets its student loans online and through direct mail and e-mail to existing and potential customers. Defendant also has a dedicated staff within its call centers to service student loans.

9. Defendant is headquartered in Riverwoods, Illinois. It can be served through its registered agent, CT Corporation System, at 208 So. Lasalle Street, Suite 814, Chicago, Illinois 60604.

## FACTUAL ALLEGATIONS

10. Prior to 2012, Plaintiff opened a checking account with Bank of America, N.A.

11. Plaintiff's checking account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. §1693a(2).

12. At all relevant times, Plaintiff had a student loan owned and/or serviced by Defendant, with account number ending in "04-71."

13. On or about May 2, 2013, Plaintiff received a telephone call on her cellular telephone from Ron Allen, an employee of Defendant.

14. Mr. Allen suggested to Plaintiff that, in order to make timely payments on her student loan owned and/or serviced by Defendant, Plaintiff should allow Defendant to initiate a recurring debit from Plaintiff's checking account, in the amount of $270.26, for a period of six months.

15. The amount of the recurring debit would occur at about the same time each month and would be for the same amount each month, $270.26.

16. During the same telephone call on May 2, 2013, Plaintiff provided oral consent for Defendant to make the recurring debit from her checking account under the terms suggested by Mr. Allen (the "EFT Agreement").

17. On May 6, 2013, Defendant debited $270.26 from Plaintiff's checking account.

18. On May 29, 2013, Defendant debited $270.26 from Plaintiff's checking account.

19. On June 27, 2013, Defendant debited $270.26 from Plaintiff's checking account.

20. Upon information and belief, Plaintiff's checking account will be debited $270.26 per month in regularly occurring monthly intervals until, at the earliest, October 2013.

21. Defendant did not obtain from Plaintiff written authorization for the EFT Agreement or any of the debits from her checking account – Plaintiff has not authorized, in writing, any preauthorized electronic fund transfer from her checking account. In addition, other than the May 2, 2013 telephone conversation with Mr. Allen, Plaintiff has had no conversations with Defendant about the EFT Agreement or any debits from her checking account.

22. Defendant did not provide Plaintiff with a copy of any document which Plaintiff signed authorizing the EFT Agreement or any of the debits from her checking account.

23. Upon information and belief, Defendant has debited the accounts of numerous other consumers throughout the United States, on regularly scheduled intervals, without written authorization and without providing a copy of such authorization to consumers. Upon information and belief, Defendant continues to engage in the practice of debiting consumer accounts without written authorization and without providing a copy of such authorization to consumers.

24. On or about June 11, 2013, correspondence was sent on Plaintiff's behalf to Defendant regarding these violations of the EFTA. Defendant has not provided a substantive response.

**COUNT I: VIOLATION OF 15 U.S.C. §1693e(a) OF THE EFTA AND REGULATION E**

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 24.

26. The debits from Plaintiff's checking account were each a "preauthorized electronic fund transfer" as defined by 15 U.S.C. §1693a(9) and 12 C.F.R. §1005.3(b).

27. 15 U.S.C. § 1693e(a) provides, in pertinent part:

*A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made* ….

28. 12 C.F.R. § 1005.10(b) provides, in pertinent part:

Written authorization for preauthorized transfers from consumer's account. *Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer*.

29. The Official Staff Interpretations to the EFTA, at 12 C.F.R. Pt. 1005.10(b), Supp. I, provide, in pertinent part:

2. Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; *rather, it is the third-party payee that is in violation of the regulation.*

3. Written authorization for preauthorized transfers. *The requirement that preauthorized EFTs be authorized by the consumer "only by a writing" cannot be met by a payee's signing a written authorization on the consumer's behalf with only an oral authorization from the consumer.*

30. Through Regulation E, 12 C.F.R. 1005.3(a), the requirements of 12 C.F.R. §1005.10(b) "appl[y] to any person," other than certain persons not applicable here.

31. Defendant violated 15 U.S.C. §1693e(a) and Regulation E by electronically transferring funds from the account of Plaintiff without written authorization and without providing a copy of such authorization to Plaintiff.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Adjudging and declaring that Defendant violated 15 U.S.C. §1693e(a) and Regulation E and enjoining Defendant from further violations of 15 U.S.C. §1693e(a) and Regulation E;

b. Awarding Plaintiff actual damages pursuant to 15 U.S.C. §1693m(a)(1);

c. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

d. Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1693m(a)(3); and

e. Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: July 19, 2013                        Respectfully submitted,


                                            */s/ James L. Davidson*

                                            **JAMES L. DAVIDSON (FBN: 723371)**
                                            Greenwald Davidson PLLC
                                            5550 Glades Road, Suite 500
                                            Boca Raton, FL 33431
                                            Telephone: 561.826.5477
                                            Fax: 561.961.5684
                                            jdavidson@mgjdlaw.com

                                            Counsel for Plaintiff